```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ELIZABETH C. SNIDER, individually   :
and as Executrix of the Estate      :
of DANIEL A. SNIDER; and LEE W.     :
SNIDER, a minor, by his mother      :
ELIZABETH C. SNIDER,                :
                                    :
          Plaintiffs,               :    CIVIL ACTION
                                    :
     v.                             :
                                    :    NO. 12-cv-3054
STERLING AIRWAYS, INC., <u>et al.</u>,    :
                                    :
          Defendants.               :

## MEMORANDUM AND ORDER

**Joyner, C.J.**                                    **January 14, 2013**

Before the Court is the Plaintiff's Motion for Remand (ECF No. 8). For the reasons set forth in this Memorandum, the Motion is granted.

## I.  BACKGROUND

This case is one of three pending on our docket arising out of the tragic crash of a Cessna T210L airplane during an attempted landing at William T. Piper Memorial Airport in Lock Haven, Pennsylvania. The pilot of the airplane, as well as the two passengers, both employees of the United States Department of Agriculture, Forest Service (the "Service"), perished in the crash.

The Plaintiffs, the widow of one of the passengers, also the executrix of his estate, and their son, brought this action in

1

the Court of Common Pleas of Philadelphia County for damages, asserting a series of products liability and tort theories, against various entities in the Teledyne corporate family (the "Teledyne Defendants") and the operator of the airplane, Sterling Airways, Inc. ("Sterling") (collectively, the "Defendants"). Before service on any of the Defendants, certain of the Teledyne Defendants, invoking 28 U.S.C. § 1441, removed to this Court. All of the Teledyne Defendants then answered, filed a crossclaim against Sterling, and filed a third-party complaint against the estate of the pilot and the Service.

The Plaintiffs now move, pursuant to 28 U.S.C. § 1447(c), to remand this action to state court. We conclude that the initial removal was procedurally defective pursuant to 28 U.S.C. § 1441(b)(2), the so-called "forum defendant rule," because certain Teledyne Defendants are Pennsylvania citizens and were not fraudulently joined. Moreover, we conclude that the inclusion of the Teledyne Defendants' third-party claims against the Service pursuant to the Federal Tort Claims Act ("FTCA") neither affects the propriety of the removal nor independently precludes remand. Accordingly, we must remand the entire action to the Court of Common Pleas of Philadelphia County.

## II. STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,

2

may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The forum defendant rule prevents removal of a diversity "civil action . . . if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The removing party bears a heavy burden to show, at all stages of the litigation, that the case is properly before the federal court. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). We strictly construe the removal statutes and resolve all doubts in favor of remand. Brown v. JEVIC, 575 F.3d 322, 326 (3d Cir. 2009).

**III. DISCUSSION**

The Plaintiffs argue that (1) the Teledyne Defendants' removal before service on any of the Defendants means that we may still consider the presence of the unserved forum Teledyne Defendants for purposes of the forum defendant rule, and (2) the forum Teledyne Defendants were not fraudulently joined, so the forum defendant rule renders removal improper. We agree with the Plaintiffs on both arguments, and we therefore conclude that the removal was procedurally defective.

The Teledyne Defendants argue that, even if the removal was improper, the presence of the Service as a third-party defendant

3

precludes remand to state court. Based on the long-standing rule that we evaluate the propriety of removal based on the state of the case at the time of filing of the notice of removal, e.g., Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 135 (3d Cir.), cert. denied, 426 U.S. 907 (1976) ("It is settled that generally the right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed."), we conclude that the Teledyne Defendants' third-party complaint against the Service does not affect the propriety of the removal. We further conclude that the presence of the third-party FTCA claims does not independently preclude remand. We therefore remand the entire action to state court.

A. The Teledyne Defendants' Removal Before Service

The Teledyne Defendants concede that a subset of the Teledyne Defendants are citizens of Pennsylvania, the forum state here. The Teledyne Defendants further concede that the non-forum Teledyne Defendants filed the notice of removal in this action before the Plaintiffs could effect service on any of the named Defendants. (Notice of Removal ¶ 3.) They nonetheless argue that their victory in the "race to remove," see, e.g., In re Avandia Marketing, Sales Practices and Prods. Liab. Litig. (Avandia), 624 F. Supp. 2d 396, 410-11 (E.D. Pa. 2009) (Rufe, J.), prevents this Court from applying the forum defendant rule pursuant to the plain meaning of 28 U.S.C. § 1441(b)(2). We

4

disagree.

By statute, the presence of a citizen of the forum state as a defendant only prevents removal of a case over which this Court may exercise its diversity jurisdiction if the forum defendant is "properly joined and served." 28 U.S.C. § 1441(b)(2). District courts have split on the question whether this statute permits an unserved non-forum defendant to remove an action where the named forum defendants have also not been served.[1] Avandia, 624 F. Supp. 2d at 410-11 (collecting cases). While we acknowledge this division of authority and the well-reasoned cases for both positions, we agree with Judge Rufe that the statute does not so permit because all unserved defendants, forum and non-forum alike, stand on the same footing such that ignoring the presence of unserved forum defendants is improper. Id. at 411. We also agree with Judge Rufe that interpreting the statute as the Teledyne Defendants' urge would encourage, and reward, a "race to remove" which does nothing to advance the core purposes of diversity jurisdiction. Id. at 410-11. Finally, we conclude that the more limited interpretation of § 1441(b)(2) we adopt here most closely follows the command to construe the removal statutes strictly. See Steel Valley Auth. v. Union Switch & Signal Div. (Steel Valley), 809 F.2d 1006, 1010 (3d Cir. 1987).

---

[1] This split extends to the judges of this Court. Compare Avandia, 624 F. Supp. 2d at 410-11 with Valido-Shade v. Wyeth, LLC, ___ F. Supp. 2d ___, 2012 WL 2861113, at *1-3 (E.D. Pa. July 11, 2012) (Bartle, J.).

5

We therefore join those courts which interpret § 1441(b)(2) to mean that we may not ignore the presence of unserved forum defendants if none of the defendants have been formally served before removal.[2]

This interpretation of § 1441(b)(2) also accords with the Supreme Court's interpretation of the statute governing the timing of removal, 28 U.S.C. § 1446(b)(1). In <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), the Court interpreted § 1446(b)(1) to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347-48. It follows that, in order to prevent expansion of a defendant's 30 day time period to remove in the absence of statutory authorization to do so, a defendant may not remove upon "mere receipt of the complaint unattended by any formal service."[3] <u>See</u> <u>id.</u> at 348.

Accordingly, pursuant to § 1441(b)(2), we conclude that the

---

[2] We express no view on the situation some courts have confronted where a non-forum defendant which <u>has</u> been served files a notice of removal prior to service upon a forum defendant. While removal in such circumstances may well be proper, <u>see</u> <u>Avandia</u>, 624 F. Supp. 2d at 411, those circumstances are not present here.

[3] This defect in the removal process could suffice to warrant remand on its own. <u>See</u> 28 U.S.C. § 1447(c). Because the Plaintiffs do not make this argument, we conclude only that this interpretation of § 1446(b)(1) supports our interpretation of § 1441(b)(2) to mean that the Teledyne Defendants' decision to remove prior to service on <u>any</u> Defendant means that we may not ignore the unserved forum defendants for purposes of the forum defendant rule.

filing of a notice of removal prior to formal service upon any of the Defendants does not permit us to ignore the presence of unserved forum Teledyne Defendants for purposes of the forum defendant rule. Because it is undisputed that the removing Teledyne Defendants filed their notice of removal in this action prior to any of the named Defendants receiving formal service, we may still apply the forum defendant rule in these circumstances.

B.  The Plaintiffs' Joinder of Forum State Defendants

Having concluded that we may consider the presence of the unserved forum Teledyne Defendants for purposes of the forum defendant rule in these circumstances, we now consider the Teledyne Defendants' argument that the Plaintiffs fraudulently joined the forum Teledyne Defendants. The Teledyne Defendants contend that the Plaintiffs fraudulently joined two entities in the Teledyne corporate family, TDY Industries, LLC ("TDY"), and Allegheny Technologies, Inc. ("Allegheny"), each with their principal place of business in Pittsburgh, Pennsylvania, solely to avail themselves of the forum defendant rule. The Teledyne Defendants argue that TDY and Allegheny cannot be liable to the Plaintiffs, meaning that they have been fraudulently joined to this action. The Teledyne Defendants have not met their burden with respect to this argument, so we cannot conclude that the

7

Plaintiffs have fraudulently joined TDY and Allegheny.[4]

"The removing party has a heavy burden of persuasion to prove that a plaintiff has fraudulently joined a party to destroy complete diversity. . . . One commentator has noted that [a] contention that the plaintiff has engaged in fraudulent joinder must be asserted with particularity by the party seeking removal, and supported by clear and convincing evidence. . . . To meet this burden, a removing defendant may support its notice of removal with evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts, in defendant's attempt to satisfy its burden of establishing fraudulent joinder. . . . Our Court of Appeals has allowed limited piercing of the complaint's allegations, and was at pains to stress that this inquiry is far different from the summary judgment type inquiry." Yellen v. Teledyne Continental Motors, Inc., 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (Dalzell, J.) (internal citations and quotations omitted).[5]

The Teledyne Defendants argue that TDY and Allegheny cannot be liable to the Plaintiffs on the facts as alleged because: (1)

---

[4] Because we reach this conclusion with respect to the Teledyne Defendants' arguments about TDY's and Allegheny's potential for liability, we need not address the Teledyne Defendants' argument that the Plaintiffs have not plausibly alleged liability on an alter ego theory against TDY and Allegheny.

[5] Although neither party has raised the issue, we are persuaded by Judge Dalzell's conclusion that fraudulent joinder principles also apply to joinder for purposes of invoking the forum defendant rule. Yellen, 832 F. Supp. 2d at 501-503.

8

no legal basis exists to hold TDY and Allegheny liable for the failure of engine components manufactured and sold after both companies had exited the aerospace business and formally separated from the other Teledyne Defendants in 1999; and (2) as part of the formal corporate separation in 1999, the other Teledyne Defendants assumed the liabilities of TDY and Allegheny arising out of accidents such as this one.

As to the first argument, the Plaintiffs have pleaded that TDY and Allegheny knew of manufacturing and design defects in the engine components at issue here while both TDY and Allegheny were still in the aerospace business and affiliated with the other Teledyne Defendants. (E.g., Compl. ¶ 31.) Taken as true, these facts could give rise to negligence liability for TDY and Allegheny under Pennsylvania law.[6] See Yellen, 832 F. Supp. 2d at 504-506 (collecting cases). The Teledyne Defendants have cited no authority which completely forecloses any possibility of negligence liability against TDY and Allegheny in these circumstances, so this argument fails.

As to the second argument, the Teledyne Defendants argue that TDY and Allegheny ceded all potential liability resulting from their aerospace operations to one of the other Teledyne

---

[6] The Teledyne Defendants' notice of removal, while conceding that Pennsylvania law applies to the Plaintiffs' claims against TDY and Allegheny, purports to reserve the right to argue that some other body of substantive law applies to some or all of the claims against the other Teledyne Defendants. (Notice of Removal ¶ 49 n.1.) We express no view on this matter.

Defendants, Continental Motors, Inc. ("CMI"); CMI is itself a wholly owned subsidiary of another one of the Teledyne Defendants, Technify Motor (USA), Inc. ("Technify"). In support of this assertion, the Teledyne Defendants have only submitted the declaration of a corporate officer of yet another of the Teledyne Defendants, Teledyne Technologies Incorporated ("TTI") which narrates the history of the various corporate entities involved in this lawsuit. (See generally Cibik Decl.)

This evidentiary showing does not satisfy the Teledyne Defendants' heavy burden to show that there is no colorable legal claim against TDY or Allegheny. The self-serving declaration from one of TTI's corporate officers, already "subject to the infirmity of any self-serving declaration," see Korn v. Korn, 398 F.2d 689, 691 (3d Cir. 1968), does not quote from any of the legally operative documents by which TDY and Allegheny purportedly ceded their liability to CMI or its predecessors (see Cibik Decl. ¶¶ 10, 13, 15), nor have the Teledyne Defendants put the legally operative documents which purportedly accomplished these transfers of liability in the record.[7] The scope of any cession of liability therefore remains unclear, and the Teledyne

---

[7] We note that this same corporate officer submitted a declaration similarly narrating the purported transfers of liability among the Teledyne Defendants in Yellen while omitting the operative legal documents which supposedly accomplished these transfers. See 832 F. Supp. 2d at 506-508. We also note that the corporate officer's statements about the scope of the purported liability transfers in this action differ materially from the statements she gave in Yellen. Compare id. with (Cibik Decl. ¶¶ 10, 13, 15).

Defendants have failed to show that any such cession forecloses TDY's or Allegheny's liability as a matter of law.[8]

We conclude that the Teledyne Defendants have not met their heavy burden to show that the Plaintiffs did not state colorable claims against TDY and Allegheny. On this basis, we cannot say that the Plaintiffs fraudulently joined TDY and Allegheny. The forum defendant rule therefore applies, and the Teledyne Defendants' removal invoking this Court's diversity jurisdiction was procedurally defective because TDY and Allegheny are citizens of the forum state.

C.  The Claims Against the Service

Separate from the Teledyne Defendants' argument that they properly removed invoking this Court's diversity jurisdiction, the Teledyne Defendants also argue that the presence of their third-party FTCA claims against the Service prevents us from remanding this action in its entirety to state court. We conclude that we may not consider the presence of the third-party claims against the Service in determining the propriety of the removal and that the existence of the third-party claims against

---

[8] We further note that, despite the claim that TDY and Allegheny ceded all liability arising out of this accident to other entities, TDY and Allegheny are represented by the same counsel as the other Teledyne Defendants to whom TDY and Allegheny purportedly ceded this liability, and the shared counsel appears to be conducting the defense of all the Teledyne Defendants jointly. The Court expresses no view on the question whether, if TDY and Allegheny actually accomplished a complete cession of any liability which might result from this action to other named defendants represented by the same counsel, such representation conforms with the applicable rules of professional conduct.

11

the Service does not independently preclude remand.[9]

Procedural defects in removal, in contrast to defects in subject matter jurisdiction, may only justify remand upon motion. Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995). The presence of a forum defendant in a case which otherwise satisfies the requirements of 28 U.S.C. § 1332 is one such procedural defect and does not implicate this Court's subject matter jurisdiction. Id. at 50-51. And whether a party has properly removed a case "[i]s to be determined according to the plaintiffs' pleading at the time of the petition for removal." Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939) (emphasis added); accord Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (per curiam); Albright, 531 F.2d at 135.

As discussed supra, the presence of TDY and Allegheny, citizens of the forum state, as named defendants renders the Teledyne Defendants' removal to this Court improper. Moreover, at the time of the Plaintiffs' complaint in state court, the Teledyne Defendants had not yet filed their third-party complaint

---

[9] The Plaintiffs argue that the Teledyne Defendants' third-party claims against the Service are wholly without merit because Pennsylvania law immunizes the Service, as Mr. Snider's employer, from negligence suits by third parties arising out of the injuries to its employee. See Giannuzzi v. Doninger Metal Prods., 585 F. Supp. 1306, 1308-1309 (W.D. Pa. 1984) (collecting cases). The Teledyne Defendants have argued that New York law, not Pennsylvania law, applies to the third-party claim against the Service and that New York has no such immunity for third-party claims against employers under its workers' compensation scheme. Because we resolve the motion to remand on different grounds, we need not decide this issue.

12

against the Service, so we may not consider the third-party complaint in determining whether the Teledyne Defendants properly removed.[10]  See Jenkins, 305 U.S. at 537 (1939); Williams, 471 F.3d at 976; Albright, 531 F.2d at 135.

The Teledyne Defendants contend that, even if the grounds cited in their notice of removal are inadequate and the removal is improper, this Court still may not remand because (1) this case satisfies the diversity jurisdiction requirements of 28 U.S.C. § 1332, and (2) the third-party FTCA claims against the Service create, on an independent basis, exclusive federal jurisdiction.  We cannot accept these arguments.[11]

As to the Teledyne Defendants' first argument, we reject it because it assumes away the bedrock principle that the right to

---

[10] Exceptions to this principle exist, such as for plaintiffs who, following removal, amend their pleadings to state a federal claim unambiguously.  See, e.g., In re Community Bank of N. Va., 418 F.3d 277, 297 (3d Cir. 2005).  The parties have cited no authority which identifies an exception which might apply here.

[11] This Court clearly has subject matter jurisdiction over the Plaintiff's claims because the requirements of 28 U.S.C. § 1332 are satisfied. It is also undisputed that the federal courts have exclusive jurisdiction over FTCA claims.  But, notably, the Teledyne Defendants have cited no authority which stands for the proposition that a court, when presented with a meritorious motion to remand based on a procedural defect in removal, may nonetheless deny the motion because the court has federal subject matter jurisdiction over either the plaintiff's initial claims or the defendant's third-party claims.  Nor, for the reasons discussed in this section, would we find any such authority persuasive in the circumstances present here.
  Moreover, to the extent that the Teledyne Defendants argue that remand is improper because, had the Teledyne Defendants hypothetically asserted third-party FTCA claims in state court, the United States' subsequent removal would have been proper, we reject the argument.  The Teledyne Defendants, by making this argument, improperly ask us to speculate about events which have not occurred and may never occur.  Even if the argument could overcome this infirmity, the Teledyne Defendants have cited no authority which permits them to assert another party's right to removal in furthering their own attempt to seek a federal forum.

remove is matter of legislative grace, and "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Great N. R. Co. v. Alexander, 246 U.S. 276, 280 (1918). If a removal does not comply with the relevant statutory provisions, a court, if presented with a motion to remand, must do so regardless of whether subject matter jurisdiction is present. See 28 U.S.C. § 1447(c) (motions to remand need not be based on lack of subject matter jurisdiction). This principle applies even when additional bases for federal jurisdiction exist other than those cited in the notice of removal. See Williams, 471 F.3d at 977 ("Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice.") (emphasis added).

Here, as discussed supra, the presence of TDY and Allegheny, citizens of the forum state, as named Defendants renders the Teledyne Defendants' removal to this Court procedurally defective because it contravenes § 1441(b)(2). Accordingly, notwithstanding that the Plaintiffs could have filed this action in this Court pursuant to § 1332, the procedural defect in removal warrants remand upon the Plaintiffs' motion.

As to the second argument, we have already concluded that binding authority prevents us from considering the Teledyne Defendants' post-removal third-party claims against the Service

14

in determining the propriety of the removal.  See Jenkins, 305 U.S. at 537; Williams, 471 F.3d at 976; Albright, 531 F.2d at 135.  The parties have pointed to no binding authority which directs us to apply a different rule in these circumstances.  See note 10, supra.

We further conclude that no sound reason exists to apply a different rule where, as here, the post-removal third-party claims are asserted against the United States or may otherwise be brought only in federal court.  Instead, strong policy considerations support treating the post-removal third-party claims against the Service, regardless of whether they may only be brought in federal court, the same as other third-party claims brought post-removal.  "Any other holding would simply encourage parties to make improvident removals and then cure them by impleading the United States Government."  See Harris v. G.C. Servs. Corp., 651 F. Supp. 1417, 1419 (S.D.N.Y. 1987); see also Lewis v. Windsor Door Co. of Ceco Corp., 926 F.2d 729, 732 (8th Cir. 1991) (citing, inter alia, Harris).  And, in a related context, Congress has recently articulated its intent that the removal statutes should not generally permit impleading of federal agencies or officers to defeat a plaintiff's choice of a state forum.  See H.R. Rep. No. 112-10, at 3 (2011) (expressing intent to preserve derivative jurisdiction doctrine in cases where a defendant seeking a federal forum brings third-party

claims against the United States).

We therefore apply the longstanding rule of considering the propriety of removal based solely on the state court pleadings at the time of removal. See Jenkins, 305 U.S. at 537; Williams, 471 F.3d at 976; Albright, 531 F.2d at 135. Applying this rule, we conclude that the post-removal third-party claims against the Service do not cure the improper initial removal and cannot independently justify denying the motion to remand.

Finally, although the Teledyne Defendants argue vigorously against remand by invoking the Service's interest in having this case remain in this Court, we note that the Service has argued that remand is proper.[12] (See generally Br. of United States of America Concerning Application of 28 U.S.C. § 1441(c).) Although we consider the strong legal and policy arguments in favor of remand despite the presence of the third-party FTCA claims against the Service dispositive of the motion to remand, the Service's position provides further persuasive support for the conclusion that the presence of the Teledyne Defendants' claims

---

[12] The Service has also argued that, contrary to the Teledyne Defendants' assertion, the Service is not a proper party under the FTCA and, because the third-party complaint named no federal officers, the removal provisions of 28 U.S.C. § 2679 would not have applied to the third-party complaint had it been filed in state court. (Brief of United States of America Concerning Application of 28 U.S.C. § 1441(c) at 4-5.) The Teledyne Defendants subsequently filed a motion to amend their third-party complaint to add two federal officers as named defendants. Because we grant the Plaintiffs' motion to remand, we conclude that the state court judge should decide the propriety of the motion to amend, so we express no view on the merits of the motion and deny the motion without prejudice to its renewal before the state court.

against the Service does not warrant denying the motion to remand.

We therefore conclude that we may not consider the Teledyne Defendants' post-removal third-party FTCA claims against the Service in evaluating the motion to remand. We further conclude that the third-party claims against the Service present no independent basis for denying remand. And, because we have already concluded that the Teledyne Defendants improperly removed this case from state court, remand is proper.

D. The Plaintiffs' Request for Fees and Costs

Finally, the Plaintiffs request that we assess the fees and costs incurred as a result of the Teledyne Defendants' removal against CMI. We conclude that an assessment of fees and costs is not warranted here.

A court, in an order granting a motion to remand, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." Mints v. Educational Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Although we conclude that several of the Teledyne Defendants' arguments in its notice of removal and in opposing the motion to remand lack merit, the division of authority regarding the ability of non-forum defendants to remove before service occurs on any defendant means that we cannot say the removing Teledyne Defendants lacked an objectively reasonable basis for attempting to remove this action. Until the Court of Appeals or the Supreme Court provides more clarity on this question, we cannot say that removal on this basis is objectively unreasonable. The parties will bear their own fees and costs associated with the removal and remand proceedings.

**IV. CONCLUSION**

For the reasons so stated, the Plaintiffs' Motion to Remand is granted. An appropriate order follows.